# EXHIBIT 1

CJ-2020-6083
STALLINGS

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

DEC 22 2020

RICK WARREN
COURT CLERK

| | | |
|---|---|---|
| MIA SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 34 |
| | ) | |
| OKLAHOMA HEALTH CARE AUTHORITY, | ) | CJ-2020-6083 |
| | ) | |
| Defendant. | ) | |

## PETITION

COMES NOW Plaintiff, Mia Smith, by and through her attorneys, Mary Rahimi and Jillian Mershon, hereby complains against Defendant, Oklahoma Health Care Authority.

### PARTIES

1. Plaintiff, Mia Smith (hereinafter "Plaintiff"), an African American ("black") female, is an individual resident residing in Oklahoma County. At all times relevant herein, Plaintiff resided therein.

2. Plaintiff is a former employee of Defendant, Oklahoma Health Care Authority (hereinafter "Defendant").

3. Defendant, Oklahoma Health Care Authority, is an agency of the State of Oklahoma operating in Oklahoma City, Oklahoma, within Oklahoma County.

### NATURE OF CASE

1. Plaintiff alleges a state law cause of action for wrongful discharge in violation of Oklahoma public policy against race discrimination as set forth in the Oklahoma Anti-Discrimination Act, *et. seq.* ("OADA"). Plaintiff also brings federal claims pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e) *et. seq.* ("Title VII"), and 42 U.S.C. § 1981 for racial discrimination, retaliation, and wrongful termination.

## JURISDICTION AND VENUE

2. Plaintiff brings a state law claim under 25 O.S. § 1101 *et. seq*. Plaintiff also brings a claim pursuant to section 706(f) of Title VII of the Civil Rights Act of 1964, 28 U.S.C. §§ 1331 and 1343, 29 U.S.C. § 626(c), and 42 U.S.C. 2000e-5(f)(3).

3. Venue in this district is proper pursuant because Defendant operates in Oklahoma County and the unlawful conduct giving rise to the claims occurred in Oklahoma County.

4. Actual damages, declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 2000e-5(g).

5. Compensatory and punitive damages are sought pursuant to Okla. Stat. tit. 25, § 1101 et seq., Oklahoma state common law, and 42 U.S.C. § 1981(a).

6. Costs and attorney fees may be awarded pursuant to 25 O.S. §§ 1350(H) and 1506.8, and 42 U.S.C. § 2000e-5(k) and Fed. R. Civ. P. 54.

## CONDITIONS PRECEDENT

7. Plaintiff Mia Smith timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 17, 2019.

8. The EEOC issued rights to sue for EEOC Charge No. 564-2019-02045, against Oklahoma Health Care Authority.

9. Defendant was put on notice of the impending action by the filing of the EEOC Charge on or about March 17, 2019.

10. Plaintiff was issued a notice of right to sue letter for the above charges on September 24, 2020, and this lawsuit was filed within ninety (90) days of Plaintiff's receipt of such notice.

11. "The stated purpose of the Oklahoma anti-discrimination statutes is the implement policies of federal Civil Rights Laws." *Duncan v. City of Nichols Hills*, 913 P.2d 1303 (1996). Pursuant to the Oklahoma Supreme Court's ruling in *Duncan v. City of Nichols Hills*, claims arising from the Oklahoma anti-discrimination statutes, 25 O.S. § 1101 *et. seq*, are not subject to the notice requirements provided in the 51 Okl.St.Ann. § 151 *et seq.*.

12. Plaintiff has exhausted her administrative remedies under the law.

## GENERAL ALLEGATIONS

13. Plaintiff began employment for agency Oklahoma Health Care Authority on or about February 1st, 2013, in Oklahoma City, Oklahoma due to a transfer from her previous position with an agency of the State of Oklahoma. Plaintiff has had twenty-one (21) years of experience being employed with the State of Oklahoma.

14. Beginning in June 2019, and continuing through the end of her employment with Defendant, Plaintiff was subjected to discrimination based upon race by Defendant Oklahoma Health Care Authority, and agents thereof.

15. Plaintiff is an African-American ("black") female and member of a protected class.

16. Non-African-American employees of Oklahoma Health Care Authority were not subjected to the same or similar treatment.

17. Defendant has fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is covered employers

under Title VII. There is no minimum employee requirement to be liable for racial discrimination and retaliation under 42 U.S.C. § 1981.

18. These discriminatory actions taken against Plaintiff led Plaintiff to file charges of discrimination against Defendants with the EEOC.

19. At the time of Plaintiff's termination, she was employed full-time.

20. In March 2019, Plaintiff spoke with supervisor Pam Jackson regarding comments another employee, Barbara Blue had made regarding black SoonerCare members. Plaintiff was of the belief that Ms. Blue was discriminating against black SoonerCare members by searching their Facebook history and making assumptions based on the members "baby daddy". Plaintiff was concerned as Ms. Blue did not investigate or challenge claims made by Caucasian SoonerCare members. Ms. Jackson assured Plaintiff that the issues would be investigated, but no further action was taken.

21. In June 2019, Plaintiff spoke to Cynthia Williamson regarding her concerns about Ms. Blue, as Ms. Blue continued to discriminate against black SoonerCare members, and make discriminatory statements at the workplace. Ms. Blue had made the statement that a black SoonerCare member should not have had children because she had sickle cell disease.

22. After reporting Ms. Blue's actions, Ms. Jackson and Ms. Susan Miles, another employee of Oklahoma Health Care Authority, began to treat Plaintiff in a demeaning and degrading way, verbally and through email communications. Ms. Blue was moved to a cubicle further from Plaintiff.

23. In July 2019, Plaintiff witnessed Ms. Blue yelling at a Hispanic SoonerCare member on the phone that the member needed to "speak English" and have an English speaker present in the future when Ms. Blue would visit the member's home for the home assessment.

Plaintiff intervened and informed Ms. Blue that Defendant Oklahoma Health Care Authority has the ability to obtain interpreters for SoonerCare members.

24. In August 2019, Plaintiff was prevented from entering her workplace by white co-worker, Rita Yowell. Plaintiff was blocked from entry and asked to present her badge to Ms. Yowell. Plaintiff's badge was clipped to her vest and visible. Plaintiff's status as an employee was undermined due to her race, and Plaintiff was publicly humiliated by being prevented entry to her workplace.

25. On or about August 7, 2019, Plaintiff reported the discrimination she had been witnessing and experiencing to agents of Defendant Oklahoma Health Care Authority by email; the agents that received the email were Human Resources Manager Dara Holmes, Human Resources Coordinator Cynthia Williamson, Chief Executive Officer Becky Pasternik-Ikard, Plaintiff's direct supervisor Melinda Thomason, and Plaintiff's reviewing supervisor Melody Anthony. Plaintiff complained of Defendant's agent Ms. Blue actions towards SoonerCare members of black and Hispanic descent

26. Once Plaintiff reported the claims of mistreatment and racial differentiation to Defendant's Human Resources personnel, supervisors, and Chief Executive Officer, Human Resources Manager Dara Holmes asked to meet with Plaintiff to resolve the complaint.

27. Plaintiff requested to have a representative from Oklahoma Public Employees Association present during the meeting.

28. Defendant's Human Resources personnel did not schedule a meeting with Plaintiff to resolve the issue.

29. Subsequently, Plaintiff's employment at Oklahoma Health Care Authority was terminated on September 26, 2019.

30. As a result of Defendants' actions, Plaintiff has sustained the following injuries: loss of employment, loss of career path and opportunity, loss of wages, loss of accumulated longevity pay, loss of fringe benefits, and other compensation; and consequential and compensatory damages including, but not limited to, those for humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety.

31. As a result, Plaintiff has been damaged well in excess of $50,000.00.

32. All adverse actions taken by Defendant against Plaintiff were intentional, willful, malicious, or in reckless disregard for the legal rights of Plaintiff.

## COUNT I: ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF THE OKLAHOMA ANTI-DISCRIMINATION ACT ("OADA"), 25 O.S. § 1101 *et. seq.*

1. Plaintiff reasserts and incorporates by reference paragraphs 1–32 as set forth above as if fully restated herein.

2. The acts and omissions described above violate the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. § 1101 *et. seq.*

3. As a result of Defendants' discriminatory and retaliatory actions against Plaintiff, Plaintiff has suffered the losses and damages described in paragraphs 29–32.

4. At all relevant times, Plaintiff was qualified for the position she held and had been performing satisfactorily.

5. As such, Plaintiff is entitled to recover from Defendants all actual and compensatory damages, including, but not limited to, damages for back pay, front pay, humiliation, loss of dignity, loss of enjoyment of life, worry, stress, and anxiety resulting from her wrongful discharge, as well as punitive damages, pursuant to 25 O.S. §§ 1350(G)

6. Plaintiff is also entitled, under 25 O.S. §§ 1350(H) and 1506.8, to recover court costs and attorney fees incurred in pursuing this action.

## COUNT II: ILLEGAL DISCRIMINATION BASED UPON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e *et seq.*

7. Plaintiff reasserts and incorporates by reference paragraphs 1–32 as set forth above as if fully restated herein.
8. At all relevant times, Plaintiff was qualified for the position she held and had been performing satisfactorily.
9. Defendants' misconduct as described above, in terminating Plaintiff for discriminatory reasons, is in clear violation of Title VII of the Civil Rights Act of 1964.
10. Plaintiff's race and color were motivating factors in Defendants' adverse employment-related actions described above. Defendants violated Plaintiff's rights under Title VII by taking such adverse actions.
11. As a result of Defendants' illegal conduct under Title VII, Plaintiff has suffered losses, injuries, and damages, as set forth in paragraphs 29–32, above.
12. Plaintiff is entitled to and seek all legal and equitable remedies provided to a prevailing plaintiff under Title VII, including, without limitation: back pay, front pay, compensatory and punitive damages, as well as appropriate declaratory and injunctive relief.
13. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k), to recover attorney fees and costs incurred in pursuing this claim.

## COUNT III: ILLEGAL DISCRIMINATION BASED UPON RACE

## IN VIOLATION OF 42 U.S.C. § 1981

14. Plaintiff reasserts and incorporates by reference paragraphs 1–32 as set forth above as if fully restated herein.

15. Plaintiff is an African-American protected from racial discrimination by 42 U.S.C. § 1981.

16. Plaintiff received disparate and hostile treatment compared to other similarly situated, non-African-American employees.

17. Any reasons given for the adverse actions taken against Plaintiff are pretextual in nature.

18. The discrimination against Plaintiff altered the terms, conditions, or privileges of their employment.

19. Defendants did nothing to attempt to remedy the wrongs suffered by Plaintiff.

20. Defendants' acts and omissions violated Plaintiff's rights secured by 42 U.S.C. § 1981.

21. As a result of Defendants' illegal conduct, Plaintiff has suffered the damages described in paragraphs 29–32.

22. Plaintiff is entitled to and seek all legal and equitable remedies available to a prevailing plaintiff under 42 U.S.C. § 1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any appropriate declaratory and/or injunctive relief.

## COUNT IV: ILLEGAL RETALIATION FOR PROTECTED ACTIVITY IN VIOLATION OF TITLE VII, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1981; AND THE OADA, 25 O.S. § 1101 *et seq.*

23. Plaintiff reasserts and incorporates by reference paragraphs 1–32 as set forth above as if fully restated herein.

24. 42 U.S.C. § 2000e-3(a) makes it illegal to retaliate against an "individual [who] has opposed any act or practice made unlawful by this Act or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Act."

25. 25 O.S. § 1601 also prohibits such retaliatory conduct.

26. 42 U.S.C. § 1981 also encompasses anti-retaliation measures resulting from post-formation activities.

27. Plaintiff clearly opposed the illegal harassment and discrimination when she complained to her employer's HR department.

28. Such opposition and participation is clearly protected activity as defined by Title VII, the OADA, and 42 U.S.C. § 1981.

29. Defendant's actions taken against Plaintiff following her protected activity in opposition to Defendant's illegal conduct are all retaliatory actions designed to prevent Plaintiff from exercising her rights under Title VII, the OADA, and 42 U.S.C. § 1981.

30. Such actions are clearly retaliatory in violation of Title VII, the OADA, and 42 U.S.C. § 1981.

31. As a result of Defendants' retaliatory conduct, Plaintiff has suffered the losses and damages described in paragraphs 29–32.

32. Plaintiff is entitled to and seek all legal and equitable remedies available to a prevailing plaintiff under Title VII, the OADA, and 42 U.S.C. § 1981, including, without limitation: back pay, front pay, compensatory damages, punitive damages, and any and all appropriate declaratory and injunctive relief.

33. Plaintiff is also entitled, under 42 U.S.C. § 2000e-5(k) and 25 O.S. §§ 1350(H) and 1506.8, to recover attorney fees and costs incurred in pursuing this claim.

## COUNT V: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

34. Plaintiff reasserts and incorporates by reference paragraphs 1–32 as set forth above as if fully restated herein.

35. Defendant Oklahoma Health Care Authority terminated Plaintiff for reporting discriminatory actions conducted by agents of Oklahoma Health Care Authority.

36. Oklahoma Public policy prevents violations of an established and well-defined public policy of performing an act consistent with a clear and compelling public policy, such as refusing to participate in an illegal activity, performing an important public obligation, exercising a legal right or interest, exposing wrongdoing by employer, and/or performing an act that public policy would encourage, or for refusing to do something that public policy would condemn.

37. Plaintiff's reported discriminatory treatment of SoonerCare members based on race to agents of Oklahoma Health Care Authority, as required under internal policies and the laws of the State of Oklahoma. She was terminated thereafter, which give rise to a cause of action under *Burk v. K-Mart Corp.*, 1989 OK 22, 770 P.2d 24.

38. This is an exception to at-will employment as articulated by *Burk v. K-Mart Corp.*, 1989 OK 22, ¶ 17, 770 P.2d 24 and its progeny.

39. As a direct result of Defendant's violation of public policy, Plaintiff suffered the losses and damages described in paragraphs 29-32.

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court grants to the Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Front pay, in amounts to be determined at trial;

c. Emotional distress and punitive damages;

d. Compensatory and consequential damages;

e. Injunctive or declaratory relief;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

h. That Defendant be enjoined and restrained from engaging in further discriminatory conduct; and

i. Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

Dated: December 22 2020

Respectfully submitted,

*Mary Rahimi*
Mary Rahimi OBA #34257
Jillian Mershon OBA #30172
Mazaheri Law Firm, PLLC

3000 W. Memorial Rd., Suite 230
Oklahoma City, OK 73120
Telephone: (405) 414-2222
Facsimile: (405) 607-4358
mary@mazaherilaw.com
jillian@mazaherilaw.com
*Attorneys for Plaintiff*

***ATTORNEY'S LIEN CLAIMED***

## CERTIFICATE OF MAILING

I hereby certify that on _____ day of _____, 2020, I e-mailed and mailed, postage prepaid, by first class Certified Mail, a true copy of the foregoing instrument to:

Dawson Engle
Deputy General Counsel
P.O. Drawer 18497
Oklahoma City, OK 73154
*Attorney for Defendant*

_____
Mary Rahimi

## **VERIFICATION**

STATE OF OKLAHOMA      )
                                              ) SS:
COUNTY OF OKLAHOMA )

Mia Smith, of lawful age, being first duly sworn upon her oath, states:

That she is the Plaintiff above named; that she has read the above and foregoing Petition and knows the contents thereof, and that the statements, allegations and facts therein set forth are true and correct to the best of her information, knowledge and belief.

_____
Mia Smith, Plaintiff

Subscribed and sworn to before me this 21st day of December, 2020.

My Commission Expires:

09/19/2021

_____
Notary Public, Comm# 17008730

(SEAL)

