IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MIA SMITH,                          )
                                    )
                  Plaintiff,        )
                                    )
vs.                                 )        Case Number CIV-21-44-C
                                    )
OKLAHOMA HEALTH                     )
CARE AUTHORITY,                     )
                                    )
                  Defendant.        )

MEMORANDUM OPINION AND ORDER

Following her termination from her employment with Defendant, Plaintiff brought the

present action asserting claims for discrimination in violation of Title VII of the Civil Rights

Act of 1964, state law claims for violation of the Oklahoma Anti-Discrimination Act, and

Burk-based* public policy claims arising from Defendant's alleged violation of clearly-

established Oklahoma public policy.  Defendant has filed a motion to dismiss pursuant to

Fed. R. Civ. P. 12(b)(6), stating that Plaintiff has failed to state a claim for relief.  In particular,

Defendant's motion challenges Plaintiff's Burk tort claims, asserting that she has adequate

statutory remedy for her claims and/or that the regulation on which she relies cannot serve as

a clearly-established public policy.  Defendant also argues that Plaintiff has failed to fully

exhaust her Title VII and OADA claims.

  A.  Burk Tort

        To establish a Burk tort, Plaintiff must establish the following three elements of a prima

facie case:  "1) the plaintiff and defendant had a terminable-at-will employment relationship;

---

* See Burk v. K-Mart Corp., 1989 OK 22, 770 P.2d 24.

2) the employment relationship was terminated contrary to an identified compelling Oklahoma public policy that is clearly articulated in constitutional, statutory, or decisional law; and 3) there is no other adequate remedy to protect the identified public policy." Reynolds v. Advance Alarms, Inc., 2009 OK 97, ¶ 7, 232 P.3d 907, 909 (citing McCrady v. Okla. Dep't of Pub. Safety, 2005 OK 67, ¶ 9, 122 P.3d 473, 475).

Here, Defendant argues that Plaintiff's allegations as set forth in her Amended Complaint fail to satisfy the second or third element. Defendant argues that Plaintiff has failed to identify any specific public policy to support her Burk claim. Plaintiff argues that her claim is premised on Okla. Admin. Code 317:30-3-17(1). Because Plaintiff cannot satisfy the third element, it is unnecessary to resolve the dispute about the second.

As for Defendant's argument regarding the third element, the Oklahoma Supreme Court has held that the adequacy of other remedies is dependent on their sufficiency to protect Oklahoma's public policy. Kruchowski v. Weyerhaeuser Co., 2008 OK 105, ¶ 25, 202 P.3d 144, 152. Here then, the question is: Does the OADA provide protection to an employee who was terminated for reporting discrimination against another person? The Supreme Court has held that Title VII's opposition clause has that reach. See Crawford v. Metro. Gov't of Nashville & Davidson Cty., Tenn., 555 U.S. 271, 279 (2009). The stated purpose of the OADA is to implement the policies embodied in several federal statutes, including Title VII. See 25 Okla. Stat. § 1101(A) and Tate v. Browning-Ferris, Inc., 1992 OK 72, 833 P.2d 1218. Thus, as a matter of law, Plaintiff has an adequate remedy under the OADA for the claims she seeks

to bring via a <u>Burk</u> tort and so cannot satisfy the third element.  Defendant's Motion to Dismiss will be granted on that issue.

B.  <u>Title VII/OADA</u>

Defendant argues that Plaintiff has failed to exhaust certain of her Title VII/OADA claims.   According to Defendant, Plaintiff's EEOC charge raises two claims:   1) her termination on September 26, 2019, and 2) an incident with a white co-worker the previous month and emails related to that incident.  In her Amended Complaint, Plaintiff raises several other claims such as:  1) racial discrimination from June 2019 until her termination; 2) a March 2019 complaint to her supervisor about a co-worker who Plaintiff believed was discriminating against SoonerCare recipients; 3) a June 2019 complaint about the same co-worker again engaging in discriminatory actions; 4) being treated differently after raising the allegations against the co-worker; and 5) a July 2019 incident where the same co-worker yelled at a Hispanic person to speak English.  Defendant argues that each of these incidents is a separate and discrete event and that Plaintiff was required to set them forth in her EEOC charge. Defendant argues that because Plaintiff did not list them in the EEOC charge, she has failed to exhaust and cannot pursue those claims in this case.

The exhaustion rule derives from two principal purposes:  "1) to give notice of the alleged violation to the charged party; and 2) to give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance."  <u>Ingels v. Thiokol Corp.</u>, 42 F.3d 616, 625 (10th Cir. 1994), <u>abrogated on other grounds by</u> <u>Martinez v. Potter</u>, 347 F.3d 1208 (10th Cir. 2003).  In evaluating the scope of the EEOC charge, the

3

ultimate question is whether "the conduct alleged [in the lawsuit] would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made [in the EEOC charge]."  Martin v. Nannie & Newborns, Inc., 3 F.3d 1410, 1416 n.7 (10th Cir. 1993), overruled on other grounds as recognized by Davidson v. Am. Online, Inc., 337 F.3d 1179, 1185 (10th Cir. 2003).  Here, Plaintiff's EEOC charge alleged an instance where a co-worker discriminated against her by blocking her access to work and Plaintiff's subsequent termination after complaining of that event.  During the course of the EEOC investigation, Plaintiff supplemented these claims with emails where she complained to supervisors of the actions raised in her Amended Complaint.  Thus, it is reasonable to expect that the EEOC investigation would include these claims.  Accordingly, the Court finds that Plaintiff has adequately exhausted the claims raised in the Amended Complaint.  Defendant's Motion will be denied on this issue.

For the reasons set forth herein, Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 10) is GRANTED in part and DENIED in part.  Plaintiff's Burk tort claims are DISMISSED with prejudice.  All other claims remain.  A separate judgment will issue at the close of the case.

IT IS SO ORDERED this 26th day of April, 2021.

ROBIN J. CAUTHRON
United States District Judge